## James R. Brown, Appellee, v. Frank Leppo and Asher R. Cox, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Marion county; the Hon. THOMAS M. JETT, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed May 1, 1915.

### Statement of the Case.

Action brought by James R. Brown against Frank Leppo and Asher R. Cox to recover damages to real estate claimed to have been caused by the wrongful and negligent acts of the defendants. From a judgment for three hundred dollars in favor of the plaintiff, the defendants appeal.

The evidence showed that the plaintiff owned a tract of land adjoining another tract called the Finty forty, which was covered with heavy timber, while the plaintiff's land was practically clear, and prior to 1909 had at times been under cultivation. A creek ran through both tracts, which at times overflowed its banks and injured the crops on the plaintiff's land; that in the spring of 1909 the defendants, Frank Leppo and Asher R. Cox, purchased the timber on the Finty tract, with the right to remove it, and in the fall of that year they commenced cutting and making it up into saw timber, railroad ties, and that they were so engaged for several years; that in accomplishing the work a number of persons were employed by defendants and the work was to some extent divided up; that one man or set of men undertook the cutting of timber and working it up into ties, for which they were paid so much a tie, while others cut the saw timber, being paid by the thousand feet log measure, and others were engaged in drawing the logs to the saw mill; that in the prosecu-

tion of the work, trees were cut and permitted to fall into the creek, and that large tops, limbs and other debris from the cutting were also permitted to fall into the creek, and that in consequence drifts and dams were formed which obstructed the flow of the water; that while drifts at times prior to this had occasionally formed in or across the creek, they had been but temporary, as the floods and freshets washed them out and left the stream clear of obstructions; that also while the water in flood time formerly went out over parts of plaintiff's land, it soon passed off down the creek doing little injury, but that since the brush and tops from the trees were thrown into the creek that the drifts became permanent; that the creek at some places was completely filled up, and that heavy rains could not remove them; that such heavy obstructions remained from year to year causing the water to spread out over appellee's land so that in places where he was accustomed to raise crops it was now difficult to grow a crop and save it; that one year a matured crop of oats and a growing corn crop were ruined, and that subsequently other crops were damaged; that two or three acres were damaged by cakes of ice which were pushed out over it, causing the soil to be afterwards removed.

NOLEMAN & SMITH, for appellants; GEORGE P. RAMSEY, of counsel.

KAGY & VANDERVORT, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

### Abstract of the Decision.

1. WATERS AND WATER COURSES, § 32*—*when damages for flooding lands not excessive.* A verdict in favor of the plaintiff for three hundred dollars, *held* not excessive for injuries to land and crops

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

from the overflow of a stream as the result of brush and tree tops being cast into it so as to form an obstruction, during the defendant's lumbering operations on adjoining land.

2. MASTER AND SERVANT, § 836*—*when doctrine of respondeat superior applies to action for flooding lands.* One who purchases standing timber to be cut and removed is answerable, under the doctrine of *respondeat superior*, for injuries caused an adjoining landowner from the obstruction of a stream by brush and tree tops cast into it by men employed by the defendant to cut the timber into saw logs, ties, etc., for a compensation to be determined by the amount cut by them.

3. MASTER AND SERVANT, § 856*—*who are independent contractors.* Men are employed, not for any fixed time, to cut and remove standing timber, *held* not independent contractors where they are paid according to the amount of timber they produce.

4. WATERS AND WATER COURSES, § 31*—*instructions in action for flooding land.* An instruction in an action for injuries sustained from the overflow of a stream from the obstruction thereof by brush and tree tops cast into it in lumbering operations, *held* not to assume that those who caused the obstruction were the servants or employees of the defendant where the instruction in fact left that question to the jury.

5. WATERS AND WATER COURSES, § 31*—*instruction as to contributory negligence in action for flooding land.* A requested instruction *held* properly denied, in an action against those cutting and removing timber, for damages to adjoining land from brush and tree tops being deposited in a stream so as to cause an obstruction, to the effect that if the plaintiff did not take steps to compel the owner of the land to remove the obstruction he was guilty of negligence contributing to his injury which would preclude a recovery, since it tended to raise a false issue.

6. WATERS AND WATER COURSES, § 26*—*when notice to remove obstruction from stream condition precedent to action for flooding land.* The doctrine that there can be no recovery for the continuance of a nuisance erected by one on his own land, without a previous request or notice to remove it, does not apply to an action against persons other than a landowner, who cut and removed timber from land and obstructed a stream in doing so, to the injury of an adjoining landowner.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.